Receipt Number
5552724

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**SHIRLEY DAVIS, LUBNA A. HAFEEZ
and MOHAMMED A. HAFEEZ, PAUL
ZULEWSKI and BRIAN SCHAFER, MYLES
SINCLAIR, JOHN R. SERRATOS, KELLY
COLEMAN, and FREDA BATAYEH-KHALIFEH,**

Plaintiffs,

VS.

**CITY OF ECORSE,** a Michigan
Municipal Corporation, and
**DAVID JACOBS,** Superintendent of City
of Ecorse Department of Public Works,

Defendants.

Case: 2:07-cv-10100
Assigned To: Battani, Marianne O
Referral Judge: Pepe, Steven D
Filed: 01-05-2007 At 08:44 AM
cmp DAVIS, ET AL V. CITY OF ECORSE,
ET AL (TAM)

EUGENE A. GORETA  P14207
Attorney for Plaintiffs
4073 W. Jefferson Avenue
Ecorse, MI 48229
(313) 386-5586  fax: (313) 388-0154

## COMPLAINT AND JURY DEMAND

Plaintiffs, Shirley Davis, Lubna A. Hafeez and Mohammed A. Hafeez, Paul Zulewski and Brian Schafer, Myles Sinclair, John R. Serratos, Kelly Coleman, and Freda Batayeh-Khalifeh, by and through their attorney, Eugene A. Goreta, complaining of Defendants, City of Ecorse and DAVID JACOBS, Superintendent of City of Ecorse Department of Public Works, state as follows:

1.      Plaintiffs, Shirley Davis, Lubna A. Hafeez and Mohammed A. Hafeez, Paul Zulewski and Brian Schafer, Myles Sinclair, John R. Serratos, Kelly Coleman, and Freda Batayeh-Khalifeh, hereinafter referred to as "Plaintiff-owners", own residential houses in the City of Ecorse, Wayne County, Michigan.

2.      Defendant, City of Ecorse, is a municipal corporation located in Wayne County, Michigan.

3.      Defendant, David Jacobs, was employed, at all relevant times herein, as the Superintendent for the City of Ecorse Department of Public Works.

4.      The matter of which Plaintiff-owners complain occurred in the City of Ecorse, Wayne County, Michigan.

5.      This Court has original jurisdiction in this matter pursuant to 28 USC Section 1343 (1) to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States.

6.      The properties, each owned in fee by the Plaintiff-Owners are located at the following locations:

| Plaintiff-Owner | Property Address |
|---|---|
| Shirley Davis | 4176 11th Street, Ecorse, Michigan |
| Lubna A. & Mohammed Hafeez | 3931 10th Street, Ecorse, Michigan |
| Paul Zulewski & Brian Schafer | 4569 High Street, Ecorse, Michigan |
| Myles Sinclair | 4315 6th Street, Ecorse, Michigan |
| John R. Serratos | 4648 W. Jefferson Ave., Ecorse, Michigan |
| Kelly Coleman | 177 White Street, Ecorse, Michigan |
| Freda Batayeh-Khalifeh | 4127 W. Jefferson Ave., Ecorse, Michigan |

7.      Plaintiff-owners, are owners in fee, had a property interest in the real estate described above, together with all improvements and appurtenances and were entitled to protection under the United States Constitution.

8.      On or about the following dates:

| Property Address | Date |
|---|---|
| 4176 11th Street, Ecorse | March 15, 2006 |
| 3931 10th Street, Ecorse | December 8, 2004 |
| 4569 High Street, Ecorse | August 15, 2006 |
| 4315 6th Street, Ecorse | February 26, 2004 |
| 4648 W. Jefferson Ave., Ecorse | December 13, 2004 |
| 177 White Street, Ecorse | December 8, 2004 |
| 4127 W. Jefferson Ave., Ecorse | June 15, 2005 |

the City of Ecorse by its Building Superintendent, David Jacobs and/or department employees with the consent and approval of the Mayor, unilaterally without benefit of a pre or post deprivation hearing, revoked Plaintiff-Owners' viable non-conforming use status of their respective properties relying on the City's Ordinance Article 11.02 Section (e)(5)&(6):

> **(5)** When a nonconforming use of a structure, or structure and premises in combination is discontinued or ceases to exist for a period of (6) six consecutive months or for a period of eighteen (18) months during any three (3) year period, the structure, or structure and premises in combination shall not thereafter be used except in conformance with the regulations of the district in which it is located. Structures occupied by seasonal uses shall be exempt from this provision;

> **(6)** Where nonconforming use status applies to a structure and premises in combination, removal, or destruction of the structure shall eliminate the nonconforming status of the land. Any new structure erected on the premises or physical improvements to remaining structures or portions of structures, must conform to the current zoning regulations of the district in which the property is located, except where the structure and premises have been designated by the Zoning Board of Appeals as a Class A nonconforming use, in which case regulations of section 11.002 of this Ordinance pertaining to Class A nonconforming uses shall apply."

9.      Plaintiff-owners have a property interest and right in the real estate described above and its continued nonconforming use and are entitled to protection under the United States Constitution.

10.      On or about August 15, 2006, and at various times before, Defendants prevented Plaintiff-owners from the normal use and enjoyment of their property in violation of their own ordinance Article 11.02(e) for the continuous use of their property so long as it remains lawful.

11.      That Defendant, David Jacobs, Superintendent of the City of Ecorse Department of Public Works, in doing the acts above complained of, was acting during the course of his employment and within the general scope of his authority.

## COUNT I
## VIOLATION OF DUE PROCESS

12.      Plaintiff's hereby incorporate herein by reference each and every allegation contained in paragraphs 1 through 11 above.

13.    The Federal Civil Rights Act, 42 USC Section 1983, provides in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress."

14.    Plaintiff-owners bring this Complaint under 42 USC Section 1983 for a willful violation of their procedural due process rights under the color of the law.

15.    At all times pertinent hereto, Defendants were acting under color of the law.

16.    Defendants, City of Ecorse and David Jacobs, Superintendent of Public Works have failed neglected and refused to provide Plaintiff-owners due notice and an opportunity to be heard relative to the revocation of their property rights to the nonconforming use of their property as is required by the City of Ecorse Ordinance Section Article11.02, deprived Plaintiff-owners their procedural due process of law rights in violation of the United States Constitution.

**WHEREFORE**, Plaintiff-Owners request that this Court enter judgment against Defendant for the following relief:

A.    A declaratory judgment pursuant to 28 USC 2201 declaring that Defendants' actions in depriving Plaintiffs of their constitutionally protected property interests in continued non-conforming use of their houses absent a pre or post determination hearing were unlawful and violations of the rights of the plaintiff under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

B.    Preliminary and permanent injunctive relief pursuant to Fed R Civ 65 reinstating Plaintiffs unfettered nonconforming use of their property pending the conduct of a pre or post determination hearing or other actions of Defendants affording Plaintiffs all the process due them under the circumstances.

C.    An award to Plaintiffs of lost rental or other earnings in the amount Plaintiffs would have earned with interest, from the date Plaintiffs' nonconforming use was terminated.

D.    An award of compensatory damages sufficient to compensate Plaintiffs for their mental anguish and emotional distress, embarrassment and humiliation, and damages as a result of Defendants' actions.

**E.** An award to Plaintiffs of punitive damages against Defendants as a result of the reckless indifference with which they violated Plaintiffs' right to due process of law.

**F.** An award to Plaintiffs of the costs and disbursements of this action, including reasonable attorney fees pursuant to Civil Rights Attorney's Fees Awards Act of 1976, 42 USC 1988(b).

**G.** An award to Plaintiffs of such other and additional legal and/or equitable relief to which they each may be entitled.

**WHEREFORE**, Plaintiff-owners request that this Court award each Plaintiff-Owner damages, in excess of One Hundred thousand ($100,000.00), plus costs attorney fees allowable by law.

DATED:  January 3, 2007

EUGENE A. GORETA  P14207
Attorney for Plaintiffs
4073 W. Jefferson Avenue
Ecorse, MI 48229
(313) 386-5586
egoreta@ameritech.net

## JURY DEMAND

**NOW COMES** Plaintiffs, Shirley Davis, Lubna A. Hafeez and Mohammed A. Hafeez, Paul Zulewski and Brian Schafer, Myles Sinclair, John R. Serratos, Kelly Coleman, and Freda Batayeh-Khalifeh , by and through their attorney, Eugene A. Goreta, who hereby demand a trial by jury of all claims in the above-captioned matter.

DATED:  January 3, 2007

EUGENE A. GORETA  P14207
Attorney for Plaintiffs
4073 W. Jefferson Avenue
Ecorse, MI 48229
(313) 386-5586
egoreta@ameritech.net

JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**

COUNTY IN WHICH THIS
ACTION AROSE:   WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** SHIRLEY DAVIS LUBNA A. HAFEEZ and MOHAMMED A. HAFEEZ, PAUL ZULEWSKI and BRIAN SCHAFER, MYLES SINCLAIR, JOHN R. SERRATOS, KELLY COLEMAN and FREDA BATAYEH-KHALIFEH

**(b)** County of Residence of First Listed Plaintiff     Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Eugene A. Goreta   P14207
4073 W. Jefferson Avenue , Ecorse, MI 48229

**DEFENDANTS** CITY OF ECORSE, a Michigan Municipal Corporation, and DAVID JACOBS, Superintendent of City of Ecorse Department of Public Works.

County of Residence of First Listed Defendant     Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal ... | | ☐ 5 |
| Citi... F... | | | | | ☐ 6 |

Case: 2:07-cv-10100
Assigned To: Battani, Marianne O
Referral Judge: Pepe, Steven D
Filed: 01-05-2007 At 08:44 AM
cmp DAVIS, ET AL V. CITY OF ECORSE, ET AL (TAM)

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY** (partial)
- ☐ 690 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**(other)**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

440

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983
Brief description of cause:
improper revocation of use of real estate

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
SEE REVERSE SIDE HEREOF
JUDGE _____   DOCKET NUMBER _____

DATE   January 5, 2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.   Is this a case that has been previously discontinued or dismissed?          □ YES ☒NO

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____

2.   Other than stated above, are there any pending or previously discontinued
     or dismissed companion cases in this or any other court, including state
     court?  (Companion cases are matters in which it appears substantially
     similar evidence will be offered or the same or related parties are present
     and the cases arise out of the same transaction or occurrence.)          ☒YES  □ NO
                                                                                 /
     If yes, give the following information:                                   5 cases

     Court: __U.S. District Court - Eastern District_____

                  1) 05-60060;  2) 05-72054;  3)  05-72055;
     Case No.: ___4) 05-71061;  5)  06-12025_____

     Judge: _____MARIANNE O. BATTANI_____

_____

**NOTES:**