UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY DAVIS,

          Plaintiff,

v.

CITY OF ECORSE, a Michigan Municipal
Corporation, and DAVID JACOBS,
Superintendent of City of Ecorse department of
Public Works, and LARRY B. SALISBURY,
Individually and as Mayor of the City of Ecorse,

          Defendants.

_____/

CASE NO. 07-10100

HON. MARIANNE O. BATTANI

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. No. 48), and Defendants' Motion for Summary Judgment (Doc. No. 45). The Court heard oral argument on May 30, 2008, and at the conclusion of the hearing took this matter under advisement. For the reasons that follow, Plaintiff's motion is **DENIED** and Defendants' motion is **GRANTED.**

**I. STATEMENT OF FACTS**

Shirley Davis is the owner of a property located at 4176 11th Street in Ecorse, Michigan, which she purchased on September 24, 2001 for $10,000. Pl.'s Ex. 1. At the time of purchase, Plaintiff's property was a nonconforming lot in violation of the City of

Ecorse Ordinance Section 11.002 (a)(d)(1). Plaintiff did not apply for a Certificate of Occupancy at the time of purchase.

Almost five years later, on June 2, 2006, Plaintiff applied for a Certificate of Occupancy. Pl.'s Ex. 2. The Ecorse Building Department informed Plaintiff that the structure was nonconforming and had been vacant for more than six months. Pl.'s Ex. 3, Davis' Aff. at ¶ 1. Plaintiff subsequently received notice from the Building Department that a hearing at the Department of Public Works was scheduled for February 28, 2007. The hearing was adjourned until March 7, 2007. Id. at ¶ 3. At that hearing, Plaintiff was informed that her property was in extreme disrepair and that she had 30 days to submit signed agreements between herself and a contractor to obtain a building permit to bring the property into compliance with the code. A follow-up hearing, scheduled for April 11, 2007, was adjourned. Pl.'s Ex. 3, 4. At the next hearing, held in early May of 2007, Plaintiff submitted several estimates from contractors. Pl.'s Ex. 3. However, the Zoning Board of Appeals found them to be incomplete, illegible, and not sufficient to bring the house up to code. The Board also found that the contractors who submitted the estimates were in fact not licensed. Davis Dep., p. 70-76. According to Plaintiff, although she was told the Building Department would get an estimate, she never received one.

Davis filed suit against the City of Ecorse, David Jacobs, Superintendent of the Department of Public Works, and Larry B. Salisbury, the Mayor of Ecorse. She alleges Defendants violated her constitutional right to due process of law and seeks a judgment as to liability from June 2, 2006, the date she sought a certificate of occupancy on her property until September 11, 2007, when the City, notified her that it needed estimates from licensed

contractors or further action would be taken.[1]

## II. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

As the United States Supreme Court has ruled:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); Chao

---

[1]Plaintiff's pleadings are inconsistent--she later asks for judgment on liability based on the lack of opportunity to challenge the City's decision from June 2, 2006, until March 7, 2007, the date of her first hearing. The inconsistency is immaterial given the Court's ruling on her claims.

v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50. "No genuine issue of material fact exists when the 'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Michigan Paytel Joint Venture v. City of Detroit, 287 F.3d 527, 534 (6th Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The evidence itself need not be the sort admissible at trial. Tinsley v. General Motors Corp., 227 F.3d 700, 703 (6th Cir. 2000). However, the evidence must be more than the

nonmovant's own pleadings and affidavits. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant. Anderson, 477 U.S. at 252.

## III. ANALYSIS

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or caused to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must establish (1) that a person acting under color of state law (2) deprived the plaintiff of a right secured by the Constitution or laws of the United States." Waters v. City of Morristown, 242 F.3d 353, 358-59 (6th Cir. 2001). With respect to the "color of state law" issue, an official is acting under the color of state law if, and only if, the alleged misconduct is "related in some meaningfully way either to the actor's governmental status or to the performance of his duties. " Id.

The Fourteenth Amendment provides in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. A court examines procedural due process claims in two steps: it "first asks whether there exists a liberty or property interest which has been interfered with by the State;" it then "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).

### A. Protected Interest

In resolving Plaintiff's procedural due process claim, the first issue considered by the Court is whether Plaintiff had a property interest in her Ecorse residence. Property rights are created and defined not by the Constitution, but by independent sources such as state law. Thomas v. Cohen, 304 F.3d 563, 576 (6th Cir. 2002) (citations omitted).

When Plaintiff purchased her home its nonconforming status was grandfathered under the Zoning Ordinance, and Defendants concede that Davis "arguably had a right to a deprivation hearing as to the loss of her grandfather status to the nonconforming property." Defs.' Brief in Opposition to Plaintiff's Partial motion for Summary Judgment at p. 2. In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Carey v. Piphus, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property"). Accordingly, the Court directs its attention to the parties' arguments as to what process was due.

### B. Attendant Procedures

In the Sixth Circuit, a plaintiff states a § 1983 procedural due process claim through one of two methods: "(1) [by] demonstrating that [s]he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) by proving that

the defendants deprived h[er] of property pursuant to a 'random and unauthorized act' and that available state remedies would not adequately compensate for the loss." Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir.1991) (emphasis in original) (quoting Collins v. Nagle, 892 F.2d 489, 497 (6th Cir.1989)).

Defendant maintains that Plaintiff's claim falls under the second prong--that the deprivation was random and unauthorized and the adequate remedies compensated her for the loss. Defendants position requires a finding that the denial of the certificate of occupancy was a random event, and the post-deprivation remedies would adequately compensate Plaintiff. See Parratt, 451 U.S. at 543 (rejecting a procedural due process claim where there was no contention that the procedures themselves were inadequate). It has long been held that an unauthorized intentional deprivation of property by a state actor does not constitute a violation of due process if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). Here Defendants maintain that an "unauthorized intentional deprivation of property" does not violate due process if a meaningful postdeprivation remedy is available. Consequently, Plaintiff must show that the corrective procedure--three hearings in this case, is inadequate, and she has failed to do so.

Defendants miscast the claim; Plaintiff's claim is brought under the first prong. According to Davis, the governing ordinance authorizes a property's loss of nonconforming status because of vacancy. Plaintiff contends that she had no opportunity from June 2, 2006, to the March 7, 2007 hearing to contest the loss of the property's grandfathered status, and therefore is entitled to summary judgment on liability. Pl.'s Ex. 3. The Court disagrees.

Ecorse scheduled and held at least three hearings to facilitate Plaintiff's efforts to obtain the required building permit and bring her home up to code. Defs.' Exs. 1, 2, 3. The City asked Plaintiff to submit signed agreements with contractors who were to timely perform the required repairs in order for the property to comply with the code. Davis submitted incomplete, illegible, and irrelevant quotes from contractors. Id. Also, the invoices she submitted did not cover the repairs necessary to bring the property up to code. Id. Consequently, the City required her to submit a list of licensed contractors to do the work. She never did. Defendants conclude that Davis has no intention of repairing the property.

The facts suggest that Davis lacks sufficient financial resources to make the necessary repairs. The house, purchased for a mere $10,000, has been empty almost seven years. Although the City of Ecorse Zoning Ordinance authorizes loss of nonconforming status because of vacancy, in the case at hand, Davis never requested a hearing on the issue of vacancy. The record contains no evidence that she contested the finding. In the absence of a dispute, the absence of an appeal process is immaterial. Moreover, in this case, the City apparently reconsidered the determination because Plaintiff eventually had the opportunity to dispute the City's denial of her request for a certificate of occupancy. The City afforded Davis the opportunity to get an occupancy permit provided she made needed repairs. It would not have done so if the vacancy decision stood. Therefore, even though Plaintiff's interest may have been revoked without the benefit of notice or hearing, the City retracted its position. It allowed three separate hearings to facilitate Davis getting a building permit. She was asked to submit signed agreements of licensed contractors, but failed to do. There is no evidence before the Court to suggest that

Plaintiff disputed her property was vacant; that she made any effort to dispute the finding. The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Accordingly, on the record before this Court there is no basis for finding Plaintiff's rights were violated.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for partial summary judgment and **GRANTS** Defendants' motion. Plaintiff's Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

Dated:    June 17, 2008


### CERTIFICATE OF SERVICE

A copy of this Order was e-filed and or mailed to counsel of record on this date.

                                          s/Bernadette M. Thebolt
                                          Deputy Clerk